# Exhibit

# 1

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| JIMMIE HILLIARD, | CIVIL DIVISION |
| *Plaintiff*, | **ELECTRONICALLY FILED** |
| vs. | Case No. AR-21-_____ |
| CAPITAL ONE BANK (USA), N.A. and THE LAW OFFICES OF HAYT HAYT & LANDAU, LLC, *Jointly and Severally*, | |
| *Defendants.* | **COMPLAINT IN CIVIL ACTION** |

Filed on Behalf of Plaintiff:
Jimmie Hilliard

Counsel of Record for this Party:

**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

| | |
|---|---|
| Telephone.: | (412) 545-3015 |
| Fax No.: | (412) 540-3399 |
| E-mail: | jward@jpward.com |

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2021, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

JIMMIE HILLIARD,

      *Plaintiff*,

      vs.

CAPITAL ONE BANK (USA), N.A. and THE
LAW OFFICES OF HAYT HAYT & LANDAU,
LLC, *Jointly and Severally*,

      *Defendants*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. AR-21-_____

## COMPLAINT

AND NOW, comes Plaintiff, Jimmie Hilliard, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Action against Defendant, Capital One Bank (USA), N.A., and Defendant, The Law Offices of Hayt Hayt & Landau, LLC, of which the following is a statement:

## PARTIES

1.      Plaintiff, Jimmie Hilliard (hereinafter "Jimmie Hilliard"), is an adult individual who currently resides at 716 Sun Valley Court, Chester Springs, Pennsylvania 19425.

2.      Defendant, Capital One Bank (USA), N.A., (hereinafter "Capital One Bank"), is a corporation with its principal place of business located at 4851 Cox Road, Glen Allen, Virginia 23060.

3.      Defendant, The Law Offices of Hayt Hayt & Landau, LLC, (hereinafter "HH&L"), is a corporation with its principal place of business located at 2 Industrial Way West, Eatontown, New Jersey 07724.

2

## JURISDICTION AND VENUE

4.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA") the Pennsylvania Fair Credit Extension Uniformity Act (hereinafter, "PFCEUA"), 73 P.S. § 2270, *et seq*., and the Unfair Trade Practices and Consumer Protection Law (hereinafter, "UTPCPL") 73 P.S. § 201-2, *et seq*.

5.      Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendants regularly conduct business in Allegheny County, Pennsylvania, and because Defendants are subject to the general jurisdiction of Allegheny County, Pennsylvania.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

6.      On July 17, 2019, Capital One Bank, by and through HH&L, filed a Civil Complaint against Jimmie Hilliard in Magisterial District Court at Docket Number: MJ-38125-CV-0000114-2019. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

7.      The Civil Complaint purported that Jimmie Hilliard was "in default" in the amount of $2,877.01.

8.      On September 10, 2019, Capital One Bank withdrew the aforementioned Civil Complaint against Jimmie Hilliard.  See Exhibit "A".

9.      On July 30, 2020, HH&L filed a Praecipe to Enter Judgment against Jimmie Hilliard in Montgomery County Court of Common Pleas at Docket Number: 2020-13201. A true and correct copy of the Praecipe is attached hereto, made a part hereof, and marked as Exhibit "B".

3

10.     By filing a Praecipe to Enter Judgment against Jimmie Hilliard after the case had been withdrawn in Magisterial District Court, HH&L, took action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

11.     HH&L's legal posturing and attempted execution of a default judgment constituted a false and misleading representation in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

12.     By filing an unlawful Praecipe to Enter Judgment in Montgomery County Court of Common Pleas after the case had been withdrawn at the Magisterial level, Capital One Bank and HH&L took action that cannot legally be taken and therefore subsequently violated 73 Pa. Stat. Ann §2270.4(b)(5)(v) of the PFCEUA.

13.     Capital One Bank and HH&L's unlawful Praecipe to Enter Judgment further constituted deceptive means to collect a debt in violation of 73 Pa. Stat. Ann § 2270.4(b)(5)(x) of the PFCEUA.

14.     Capital One Bank's and HH&L's actions, as described hereinabove, constituted unfair and unconscionable means to collect an alleged debt the natural consequence of which is to harass, oppress, and abuse Mr. Hilliard in violation of 73 Pa. Stat. Ann §§ 2240.4(b)(4) and 2240.4(b)(6) of the PFCEUA.

15.     Capital One Bank and HH&L contemporaneously engaged in false and deceptive upon engaging in the abovementioned conduct in violation of Section 201-2 of the UTPCPL.

16.     Jimmie Hilliard was forced to justifiably rely upon the false and deceptive practices of Capital One Bank and HH&L and suffered an ascertainable loss in the form of an adverse judgment of $3,015.38.

4

## COUNT I
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692, *et seq.*
### *Jimmie Hilliard v. The Law Offices of Hayt Hayt & Landau*

17.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

18.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

19.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

20.     Jimmie Hilliard is a "consumer" as defined by § 1692a(3) of the FDCPA.

21.     HH&L is a "debt collector" as defined by § 1692a(6) of the FDCPA.

22.     Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

23.     The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

24.     Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e of the FDCPA.

25.     On July 17, 2019, Capital One Bank, by and through HH&L, filed a Civil Complaint against Jimmie Hilliard in Magisterial District Court at Docket Number: MJ-38125-CV-0000114-2019. See Exhibit "A".

26.     By filing a Praecipe to Enter Judgment in Montgomery County Court of Common Pleas after the case had been withdrawn in Magisterial District Court, HH&L took an action that cannot legally be taken and thereby violated 15 U.S.C. § 1692e(5) of the FDCPA.

27.     By filing a Praecipe to Enter Judgment in Montgomery County Court of Common Pleas after the case had been withdrawn in Magisterial District Court as delineated above, HH&L employed false representations and deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692(10) of the FDCPA.

28.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29.     Section 1692f of the FDCPA provides, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

30.     Furthermore, HH&L's conduct as described hereinabove constituted unfair and unconscionable conduct the natural consequence of which is to harass, oppress, or abuse any

person in connection with the collection of an alleged debt in violation of 15 U.S.C. §§ 1692d and

1692(f) of the FDCPA.

      31.     Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

      32.     As a direct and proximate result of HH&L's actions and violations of the FDCPA, as set forth above, Jimmie Hilliard has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

      WHEREFORE, Plaintiff, Jimmie Hilliard, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, The Law Offices of Hayt Hayt & Landau, LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**COUNT II**
**VIOLATION OF THE PFCEUA, 73 P.S. § 2270,** *et seq.*
**VIOLATION OF THE UTPCPL, 73 P.S. § 201-1,** *et seq.*
***Jimmie Hilliard. v. Capital One Bank (USA) N.A.***
***Jimmie Hilliard v. The Law Offices of Hayt Hayt & Landau***

      33.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

34.     Jimmie Hilliard is a "consumer" as defined by 73 P.S. § 2270.3 of the PFCEUA.

35.     Capital One Bank is a "creditor" as defined by 73 P.S. §2270.3 of the PFCEUA.

36.     HH&L is a "debt collector" as defined by 73 P.S. § 2270.3 of the PFCEUA.

37.     Through principles of agency, both Capital One Bank and HH&L are jointly and severally liable for the violations of the PFCEUA and UTPCPL, as set forth within

38.     73 P.S. § 2270.4(b)(5) of the PFCEUA provides, in relevant part:

> (5) A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
> (v) The threat to take any action that cannot legally be taken or that is not intended to be taken
> (x) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

73 P.S. § 2270.4(5) of the PFCEUA.

39.     On July 17, 2019, Capital One Bank, by and through HH&L, filed a Civil Complaint against Jimmie Hilliard in Magisterial District Court at Docket Number: MJ-38125-CV-0000114-2019. See Exhibit "A".

40.     On September 10, 2019, Capital One Bank withdrew the aforementioned Civil Complaint against Jimmie Hilliard. See Exhibit "A".

41.     On July 30, 2020, HH&L filed a Praecipe to Enter Judgment against Jimmie Hilliard in Montgomery County Court of Common Pleas. See Exhibit "B".

42.     By filing an unlawful Praecipe to Enter Judgment in Montgomery County Court of Common Pleas after the case had been withdrawn at the Magisterial level, Capital One Bank and HH&L took action that cannot legally be taken and therefore subsequently violated 73 Pa. Stat. Ann §2270.4(b)(5)(v) of the PFCEUA.

8

43.    Capital One Bank and HH&L conduct, described hereinabove, constituted the use of false representations and deceptive means to collect any debt in violation of 73 P.S. § 2270.4(5)(x) of the PFCEUA.

44.    73 P.S. § 2240.4(b)(4) provides, "A creditor may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt." *Id.*

45.    73 P.S. § 2240.4(b)(6) provides, "A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt". *Id.*

46.    Furthermore, Capital One Bank and HH&L conduct constituted unfair and unconscionable conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt in violation of 73 P.S. §§ 2240.4(b)(4) and 2240.4(b)(6) of the PFCEUA.

47.    Capital One Bank and HH&L contemporaneously engaged in false and deceptive upon engaging in the abovementioned conduct in violation of Section 201-2 of the UTPCPL.

48.    73 P.S. § 2270.5(a) of the PFCEUA provides "If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law." *Id.*

49.    73 P.S. § 201-2(4)(xxi) of the UTPCPL prohibits "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id.*

50.    Capital One Bank and HH&L engaged in fraudulent or deceptive conduct becoming of confusion or of misunderstanding upon entering a judgment against Mr. Hilliard in Montgomery

County Court of Common Pleas for an alleged debt that had previously been withdrawn from the

Magisterial District Court.

51.     Therefore, Capital One Bank and HH&L violated 73 P.S. § 201-2(4)(xxi) of the

UTPCPL.

52.     73 P.S. § 201-9.2 of the UTPCPL provides, in relevant part:

> Any person who purchases or leases goods or services primarily for
> personal, family or household purposes and thereby suffers any
> ascertainable loss of money or property, real or personal, as a result
> of the use or employment by any person of a method, act or practice
> declared unlawful by section 3 1 of this act, may bring a private
> action to recover actual damages or one hundred dollars ($100),
> whichever is greater. The court may, in its discretion, award up to
> three times the actual damages sustained, but not less than one
> hundred dollars ($100), and may provide such additional relief as it
> deems necessary or proper. The court may award to the plaintiff, in
> addition to other relief provided in this section, costs and reasonable
> attorney fees.

73 P.S. § 201-9.2 of the UTPCPL.

53.     As a direct and proximate result of Capital One Bank and HH&L's violations of

the PFCEUA and the UTPCPL, Mr. Hilliard suffered actual damages in the form of $3,015.38,

annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

54.     Given the indistinguishable joint and concerted conduct of Capital One Bank and

HH&L, defendants are jointly and severally liable for the unlawful and illegal conduct described

above.

55.     Mr. Hilliard was thusly forced to justifiably rely upon the false and deceptive

practices of Capital One Bank and HH&L and suffered an ascertainable loss in the form of the

adverse judgment of $3,015.38.

WHEREFORE, Plaintiff, Jimmie Hilliard, respectfully requests that this Honorable Court

enter judgment in his favor and against Defendant, Capital One Bank (USA) N.A., and Defendant,

10

The Law Offices of Hayt Hayt & Landau, LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory treble damages pursuant to 73 Pa. C.S.A. § 201-9.2, costs and attorney's fees pursuant to 73 Pa. C.S.A. § 201-9.2, and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: June 9, 2021                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

# EXHIBIT A

# Magisterial District Judge 38-1-25

## DOCKET



Docket Number: MJ-38125-CV-0000114-2019

### Civil Docket

CAPITAL ONE BANK (USA), N.A.
v.
Jimmie L. Hilliard

Page 1 of 2

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge James P. Gallagher | File Date: | 07/17/2019 |
| Claim Amount: | $2,877.01 | Case Status: | Closed |
| Judgment Amount: | | County: | Montgomery |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 08/30/2019 | 10:00 am | | Magisterial District Judge James P. Gallagher | Continued |
| Civil Action Hearing | 09/05/2019 | 10:30 am | | Magisterial District Judge James P. Gallagher | Scheduled |

## CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | Hilliard, Jimmie L. | King of Prussia, PA 19406 |
| Plaintiff | CAPITAL ONE BANK (USA), N.A. | EATONTOWN, NJ 07724 |

## DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-38125-CV-0000114-2019 | CAPITAL ONE BANK (USA), N.A. | Jimmie L. Hilliard | Withdrawn | 09/10/2019 |

## ATTORNEY INFORMATION

**Complainant's Attorney**

Name:  Joshua Thomas McNamara, Esq.

Representing:  CAPITAL ONE BANK (USA), N.A.

Counsel Status:  Active - Entry of Appearance

Supreme Court No.: 203984

Phone No.: 732-544-9080

Address:     Law Offices of Hayt, Hayt & Landau, LLC
2 Industrial Way West
PO Box 500
Eatontown, NJ  07724

Entry of Appearance Filed Dt: 07/17/2019

Withdrawal of Entry of Appearance Filed Dt:

Printed: 02/24/2021  3:28 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# Magisterial District Judge 38-1-25

## DOCKET

Docket Number: MJ-38125-CV-0000114-2019

## Civil Docket



CAPITAL ONE BANK (USA), N.A.

v.

Jimmie L. Hilliard

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 09/10/2019 | Withdrawn | Magisterial District Court 38-1-25 | Jimmie L. Hilliard, Defendant |
| 07/23/2019 | Intent to Defend Filed | Jimmie L. Hilliard | Jimmie L. Hilliard, Defendant |
| 07/17/2019 | Certified Civil Complaint Issued | Magisterial District Court 38-1-25 | Jimmie L. Hilliard, Defendant |
| 07/17/2019 | Entry of Appearance Filed | Joshua Thomas McNamara, Esq. | CAPITAL ONE BANK (USA), N.A., Plaintiff |
| 07/17/2019 | Civil Complaint Filed | CAPITAL ONE BANK (USA), N.A. | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# EXHIBIT B

LAW OFFICES OF
HAYT, HAYT & LANDAU, LLC
ATTORNEY FOR PLAINTIFF
2 INDUSTRIAL WAY WEST – P.O. BOX 500
EATONTOWN, NJ 07724
(732) 544-9080
OUR FILE NO: 645053

MONTGOMERY COUNTY
COURT OF COMMON PLEAS
CIVIL DIVISION

CAPITAL ONE BANK (USA), N.A.

TERM,

- VS -

JIMMIE L HILLIARD

DOCKET NO. 2020-13201

### PRAECIPE TO TRANSFER/ENTER JUDGMENT/ENTRY OF APPEARANCE
TO THE PROTHONOTARY/CLERK OF SAID COURT:

Please enter ROBERT W. CUSICK, Esquire and the Law
Offices of Hayt, Hayt & Landau, LLC as counsel of record for
Plaintiff in the above-captioned matter.

Kindly enter judgment, indexing the same as captioned above,
in favor of the Plaintiff and against the Defendant(s):

JIMMIE L HILLIARD

in the amount of: $2,865.38, in accordance with the Magisterial
District Court Judgment for money damages docketed to:

CV-0000114-19

a certified copy of which is being filed herewith.

The reassessment of damages is computed as follows:

| | |
|---|---|
| JUDGMENT BALANCE: | $3,015.38 |
| LESS CREDITS RECEIVED: | $150.00 |
| PLUS INTEREST FROM 09/10/2019: | $.00 |
| TOTAL BALANCE: | $2,865.38, plus costs |

Attorney(s) for Plaintiff
LAW OFFICES OF HAYT, HAYT &
LANDAU, LLC

Date: 7/20/20

ROBERT W. CUSICK, ESQ
PA ATTORNEY ID #: 80193

2020-13201-0002  8/12/2020 3:51 PM # 12821848
Rcpt#2020-14-00580  Fee:$0.00  Damages Assessed at N
Main (Public)
MontCo Prothonotary

## VERIFICATION

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: June 9, 2021                    By: _____
                                       Joshua P. Ward (Pa. I.D. No. 320347)
                                       Kyle H. Steenland (Pa. I.D. No. 327786)

                                       The Rubicon Building
                                       201 South Highland Avenue
                                       Suite 201
                                       Pittsburgh, PA 15206

                                       Counsel for Plaintiff